Read, J.,
dissenting. The statute provides that bonds, promissory notes, and bills of exchange, “ drawn for any sum or sums of money certain,” shall be negotiable by indorsement, and vests the absolute property in the indorsee, and authorizes suit to be brought in his own name. An instrument, therefore, to be negotiable, must be •payable in money. Nothing is money but gold and silver coin; that which constitutes a legal tender, only is money ; and the constitution declares that nothing shall be d'eomod a tender but gold and silver coin. It was decided in Swetland v. Creigh, that a promissory note, payable in “ current Ohio bank notes,” was a note payable, in money. I dissented from that opinion. It is now decided that a promissory note, payable in “ current funds of the State of Ohio,” is a note payable in money. I dissent from this opinion. The court then decided that current bank notes were money. The court now decide that current funds of the State of Ohio are money. That is, that current bank notes and current funds of the State of Ohio are gold and silver coin. The reasoning of the majority of the court is as follows:
“ Our law recognizes nothing as current funds of the State of Ohio but gold and silver coin, and bank notes issued by banks in *8 corporated by the state, which are by law required *to be of equal value with gold and silver coin of the same denomination. Hence, a note for a dollar, or a bank note, is for a sum certain. The verdict or judgment for each, when sued, must be the same. The policy of the state is, that the paper money issued under the authority of the state, shall be a certain measure of value, and shall answer the purpose of money.”
This reasoning does not support the conclusion that a current funds of the State of Ohio ” are money, or that “ current bank notes of Ohio ” arc money. When it is said that “ our law recognizes nothing as current funds of the State of Ohio but gold and silver coin, and notes issued by banks incorporated by the state,” the reply is, that the phrase “ current funds" is unknown to the law, and has no fixed definite legal meaning. It is a phrase known to trade, and finds its signification in the custom of business. What constitutes current funds is not a question of law, but of proof. Whether this or that form of security passes current among business men, is a question of fact. The law does not say that current funds shall be either gold and silver coin, or bank notes; or that any other form of security, that passes by delivery or transfer among business men, may be denominated current funds. It is perfectly competent for parties to contract that an obligation, for the payment of a given amount of money, may be discharged in current funds of the State of Ohio, or in current bank notes, or in whisky, or corn, or wheat, or any other article agreed upon. Yet, in either case, if the obligation be not discharged in the manner stipulaicd, and suit be brought upon it, the verdict and judgment would be for a sum of money. Yet, because the judgment on suit brought is for money, it does not show that the note payablo in other things than money, was a note given for the payment of money.
On suit brought upon a note payable to A. B., or bearer, for fifty dollars, in good merchantable whisky, at trade price, the judgment would be for money, not whisky. Yet the court held that such a note was not for the payment of *money under our statute, and therefore was not negotiable. Rhodes v. Lindley, 3 Ohio, 49. So, on suit brought, if the note had been for fifty dollars in current funds or current bank notes, or, in other words, for fifty dollars in funds or bank notes, at current rates, the judgment would, in either case, be for fifty dollars; but this would not prove *9 that current funds or current bank notes were money, any more than the judgment for money, on the whisky note, Would prove that whisky was money.
But it is said that it is the policy of the state, “that paper money, issued by the authority of the state, shall be a certain measure of value.” The policy of the state never has been to make bank paper a measure of value. It can not, therefore, be reasoned that bank paper is money, because money is a measure of value. The policy of the state has been to compel bankers to redeem their promises to pay, as promised. A bank note is and can be no measure of value ; it is a mere promise to pay, and all that the legislature could do, or have attempted to do, is, as far as possible, to secure the fulfillment of that promise. The legislature could not make a bank note money any more than they could convert paper into gold. In this the alchymists failed, and no legislature has made the attempt.
The reasoning, that because the legislature have always designed a bank note, promising to pay a dollar, should be complied with, does not certainly support the conclusion that, therefore, when they provided that a promissory note, for the payment of a sum of money certain,.should be negotiable, that they.intended to make a note negotiable which was “ payable in Ohio notes or Ohio funds.” Yet this is the conclusion of the reasoning of a majority of the court upon the promises stated. It might as well be said that the law makes all promissory notes and bills money, because the law presumes that every man will comply with his contracts, and that it is the policy of the law that all notes or bills shall be paid, and if not, that payment may be enforced in a court of justice. The promise of a bank and the promise of an ^individual are enforced in the same way; both will sustain a Buit, and if the one is money so is the other. Banks are just as«likely to fail to fulfill their promises as individuals; and if we may take past experience as any guide, they are much more so.
It is idle to say that bank notes are money, because the policy of the law designed that they should always command the amount of money called for upon their face. If a bank note were money, why make its whole value consist in the fact that it can be converted into money ? If it be already money, why wish to convert it into money ? You can no more convert money into money than *10 you can convert water into water. To convert it, is to change it into something else.
Nothing is known as money, under our constitution and laws, but gold and silver coin. It appears idle to reason that bank paper is gold and silver. Tot, precisely upon this assumption, I understand this decision of the court to rest and those decisions referred to, to support it.
It is perfectly well known that notes are drawn, payable in current funds and current bank paper, to oscape the responsibility of paying in gold and silver. If the parties contract to discharge their debts in such from, no law forbids it;.and, least of all, is there any law or principle which declares that the thing, thus by the contract of the parties stipulated to be received in discharge of the obligation, is money. A contract to pay money, is a contract to pay in gold and silver. If Ohio funds and bank paper were money, they would be a good tender upon a note or contract payable in money ; for wheat would be a good tender in discharge of a contract payable in wheat. Thus the court, by its reasoning to support the decisions which have been made, are forced to the conclusion that bank paper is a good and legal tender to discharge a note or contract payable in money. The difficulty in the way of this conclusion is, that it is in direct violation of the constitution. There is no escape; for the statute, in express words, dedares that a note, to be ^negotiable, must be payable in money; and the court say that a note, payable in current bank notes or current funds of the State of Ohio, is a note payable in money, and therefore, under the statute, negotiable.